UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KERIEKAN J. PALMER,

    Plaintiff,

v.                             Case No. 5:25-cv-348-AW-MJF

CHRISTOPHER NUCKOLS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed because Plaintiff failed to comply with two court orders and applicable court rules, failed to pay the filing fee, and appears to have abandoned this civil action.

### BACKGROUND

Plaintiff commenced this civil action on December 8, 2025, by filing a *pro se* civil-rights complaint and an application for leave to proceed *in forma pauperis* ("IFP"). Docs. 1, 2. At the time, Plaintiff was a Florida state prisoner confined at the Apalachee Correctional Institution in Sneads, Florida. *Id.*

Plaintiff's complaint and IFP application failed to comply with the Local Rules for the United States District Court for the Northern District of Florida, and also failed to comply with the IFP statute. Accordingly, on December 17, 2025, the undersigned instructed Plaintiff of the deficiencies and ordered Plaintiff to: (1) file an amended complaint and (2) pay the $405.00 filing fee or file a new and complete application for leave to proceed *in forma pauperis*. Doc. 4 (outlining deficiencies and instructing Plaintiff how to correct them) (citing N.D. Fla. Loc. R. 5.3 & 5.7; 28 U.S.C. § 1915(a)(2)). The undersigned imposed a compliance deadline of January 16, 2026, and warned Plaintiff that failure to comply with the order likely would result in this case being dismissed. *Id*. at 5.

To date, Plaintiff has not complied with the order dated December 17, 2025 and has not responded to the show-cause order dated January 20, 2026. Doc. 6.[1]

---

[1] Copies of orders and other correspondence from this court have been mailed to Plaintiff but returned as undeliverable. Docs. 5, 7, 8. The Florida Department of Corrections Offender Network reflects that Plaintiff was released from FDC custody on December 16, 2025. The Offender Network does not provide a release address for Plaintiff. Plaintiff has not notified the clerk of the court of his current address.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when a plaintiff fails to pay the filing fee or demonstrate that he qualifies to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders and applicable rules for the Northern District of Florida, failed to pay the filing fee, and appears to have abandoned this action. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this action is appropriate.

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this <u>10th</u> day of February, 2026.

> /s/ *Michael J. Frank*
> **Michael J. Frank**
> **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**